UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

MICHAEL FEINSTEIN,

Plaintiff,

-against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.
--------------------------------------------------------------X

Case No. :

COMPLAINT and
JURY DEMAND

Plaintiff, MICHAEL FEINSTEIN, by his attorneys, HOWARD BORKAN, P.C., hereby complains of the Defendant(s), upon information and belief, as follows:

**NATURE OF THE CASE**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"); The Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621-634; the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated against** and **forced to resign** from his summer school position on the basis of his **religion and age.**

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state and municipal law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred therein.

**PARTIES**

5. Plaintiff is a sixty-nine (69) year old male.

6. Defendant CITY OF NEW YORK DEPARTMENT OF EDUCATION ("NYC DOE") is a department within the New York City government that manages the New York City School District and maintains its principal place of business at 52 Chambers Street, New York, NY. NYC DOE is responsible for administering New York City's public schools in all five (5) boroughs including the one herein.

7. Defendant NYC DOE, receives hundreds of millions of dollars in federal funds each year, making it a program within the meaning of Title IX. Defendant NYC DOE employs over 100 people in its operations.

8. Defendant David C. Banks is the Chancellor of the NYC DOE and is responsible for its operations.

**MATERIAL FACTS**

9. Michael Feinstein began working for Defendant[s] on or about September 1, 1993 as a special and general education teacher.

10. During his tenure, Michael Feinstein has received satisfactory to excellent ratings for his job performance over the course of his 23 year tenure.

11. Defendant[s] recognized Michael Feinstein's accomplishments by continually recognizing his job performance annually in his evaluations, including but not limited to never being late.

## I. Religious Discrimination

12. On or about July 1, 2018 Defendant[s] began to marginalize Michael Feinstein by reassigning his tasks to others by taking him out of the classroom as a special education teacher and placing him in an altogether different classroom and situation. This new class required using specialized technology which he was not trained for, He informed the school administration that he was not trained for this class situation several times and was ignored each time. This transfer was then a de facto demotion.

13. When Mr. Feinstein began helping a fellow teacher, Abraham Frued, an Orthodox Jew, accused of not arriving at school to teach his class or denying him the opportunity to perform the teaching that he has been licensed taught to teach, Plaintiff, also of the Jewish faith defended Mr. Freud and was subjected to similar conduct as a result of this association.

14. On several occasions, Dorothy Collins, Mr. Frued's accuser and Assistant Principal at PS 369, acted inappropriately toward Abraham Freud regarding his religion. For example, Plaintiff observed that a fellow employee, an Orthodox Jew, was being treated unfairly and came to his defense. As a result of supporting this individual, Dorothy Collins began to discriminate against the Plaintiff.

15. Then, Ms Collins marginalized Michael Feinstein while treating similarly situated employees more favorably who did not share the same religion as he did.

16. As a result, on or about October 1, 2018, Michael Feinstein complained to Marjorie Dalrymple, the school principal about Dorothy Collins discriminatory treatment. Specifically, Michael Feinstein told Marjorie Dalrymple that that this

peer teacher was being treated differently than other employees as a result of his religion. Marjorie Dalrymple responded by displacing Michael Feinstein from his position pursuant to Chapter 683 as a summer school teaching specialist.

17. As a result of Michael Feinstein's complaint to Marjorie Dalrymple Defendant[s] subjected Michael Feinstein to unlawful retaliation. In particular, Michael Feinstein was terminated from the Chapter 683 Summer School Special Education Program.

18. Only 2 months after Michael Feinstein complained of discrimination, on July 9, 2018 Defendant[s] summarily fired Michael Feinstein allegedly because of the unexcused absences.

19. Upon information and belief Defendant NYC DOE has an anti-discrimination and policy in place, which alleges that Defendant NYC DOE has a zero-tolerance policy for discrimination in the workplace.

20. This discrimination continued until Michael Feinstein was forced to leave his employment because of health reasons on December 21, 2021.

## II. <u>AGE DISCRIMINATION</u>

21. Defendants' actions also discriminated against Mr. Feinstein for failure to accommodate him by offering him necessary training in order for him to continue to teach Chap. 623 Summer school.

22. This training was necessary to qualify Mr. Feinstein for continued teaching during the regular school year and also the summer school years of 2018, 2019 and 2021.

23. At the time of the discrimination above, I was age 65.

24. Mr. Feinstein continually asked for this training from the school's principal and other administrative staff. He once was assigned an instructor whom Mr. Feinstein

attempted to contact numerous times. No appointment was ever made.

25. The stress of continually attempting to get retrained and the loss of the summer job, caused Mr. Feinstein's health to deteriorate to such a point that I had to retire early.

## III. HARM CAUSED BY DISCRIMINATION

26. Defendant NYC DOE ignored its own policies and procedures to the detriment of Plaintiff.

27. Defendant NYC DOE knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

28. Plaintiff was repulsed, offended, disturbed, humiliated, and disgusted by this blatantly discriminatory termination from the Chapter 683 Summer School Special Education program.

29. Defendants created a hostile work environment which unreasonably interfered with Plaintiffs ability to perform his job.

30. Although Plaintiff's work performance reviews were outstanding, the current technology used by Defendants were new to Plaintiff.

31. Plaintiff has the intelligence, work ethic and drive to learn the new techniques and equipment, so long as he had the training do to so.

32. Mr. Feinstein was discriminated because of his age. Defendants otherwise discriminated against him with respect to his terms, conditions and privileges of his employment because of his age (at all times relevant, Mr. Feinstein was over age 45).

33. More specifically, Defendants failed to train Mr. Feinstein in newer techniques

and technologies in order for him to qualify for more work, specifically summer school. While Mr. Feinstein made an appointment(s) with the Defendants' instructor, the instructor failed to keep those appointments.

34. These actions had the effect of justifying the Defendants refusal to accommodate Plaintiff so that he could continue to teach Chap. 623 summer school because of my age. They gave the job to someone younger who had the training necessary even though he had been given excellent reviews up until that time.

35. The above are just some of the ways Defendants regularly and continually harassed and discriminated against Plaintiff while employing him.

36. Defendants treated Plaintiff this way due to his religion and age.

37. Defendants' acted intentionally and intended to harm Plaintiff.

38. Defendants unlawfully discriminated against, retaliated against, humiliated, degraded, and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, emotional distress, and loss of income.

39. Plaintiff's performance was, upon information and belief, above average and satisfactory while working for Defendants as evidenced by the fact that he continued to work for the Defendant during the regular school year. Until the end of January 4, 2022.

40. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, the loss of a salary, loss of bonus, loss of benefits, other compensation which such employment entails, special damages, and great inconvenience.

41. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering,

inconvenience, loss of enjoyment of life, stress, anxiety, and other non-pecuniary losses.

42. Defendants' acted maliciously, willfully, outrageously, and with full knowledge of the law.

43. As such, Plaintiff demands punitive damages as against the Defendant.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII (Not Against Individual Defendants)**

33. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

34. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e, *et seq.,* and 29 U.S.C. §§621-634 for relief based upon the unlawful employment practices of Defendant NYC DOE. In addition, Defendants have violated Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. §621 et seq. This also includes the Older Workers Benefit Protection Act (as amended in the ADEA is. Plaintiff complains of Defendant NYC DOE's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's religion and age.

35. Defendant NYC DOE violated the sections cited herein as set forth.

36. Plaintiff is entitled to the maximum amount allowed under this statute.

**AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

37. Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

38. The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment".

39. Defendants violated the section cited herein as set forth.

40. Plaintiff is entitled to the maximum amount allowed under this ordinance.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

43. Individual Defendants violated the section cited herein as set forth.

44. Plaintiff is entitled to the maximum amount allowed under this ordinance.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION VICARIOUS LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

45. Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

46. NYCHRL § 8-107(13) is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor". It provides

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct a:nd failed to exercise reasonable diligence to prevent such discriminatory conduct.
> c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

47. Defendant NYC DOE violated the section cited herein as set forth.

48. Plaintiff is entitled to the maximum amount allowed under this ordinance.

**JURY DEMAND**

49. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices

prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.;* the New York State Human Rights Law, New York State Executive Law § 296, *et seq.;* and the New York City Administrative Code, § 8-107, *et seq.*, in that Defendants discriminated against Plaintiff based on his religion and retaliated against Plaintiff for complaining of discrimination and using Plaintiff's age against him and wrongfully terminating Plaintiff;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and conduct and to otherwise make her whole for any losses suffered because of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional injury, distress, pain, suffering, and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
May 4, 2022

Yours, etc.

Howard Borkan, Esq.
HOWARD BORKAN, P.C.
1501 Broadway, 21st floor
New York, NY 10036
212-301-6969; 212-
hborkanlaw@aol.com